# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

SHERMAN OBY, #45397                                                    PETITIONER

v.                                                              No . 2:03CV402-D-A

CHRISTOPHER EPPS, ET AL.                                              RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the December 24, 2003, *pro se* petition of Sherman Oby for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state filed a motion to dismiss February 24, 2005, and the petitioner responded May 5, 2005. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).

## Facts and Procedural Posture

The petitioner Sherman Oby is presently in the custody of the Mississippi Department of Corrections and seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2254(a) (1996). The petitioner was convicted of possession of cocaine in the Second Judicial District of the Circuit Court of Panola County, Mississippi, and sentenced as an habitual offender to serve life without parole in the custody of the Mississippi Department of Corrections. The Mississippi Court of Appeals affirmed his conviction October 1, 2002. *Oby v. State,* 827 So. 2d 731 (Miss.App. 2002) (Cause No. 2001-KA-01636-COA). Oby declined to seek discretionary review in state court by filing a petition for rehearing in the court of appeals as provided for in Mississippi Rule of Appellate Procedure 40. On July 23, 2003, Oby filed an "Application For Leave To File Motion For Post Conviction Relief"in the Mississippi Supreme Court. Oby's application was

denied by Order filed September 19, 2003. This court received the instant petition December 24, 2003. The respondents have filed a motion to dismiss the petition as untimely filed. The petitioner has responded to the motion May 5, 2005, and it is ripe for decision.

## Discussion

The Antiterrorism and Effective Death Penalty Act [AEDPA], ("the Act") governs decision in this proceeding.[1] *Graham v. Johnson,* 168 F.3d 762, 775 (5th Cir. 1999); *Shute v. Texas*, 117 F.3d 233, 235 (5th Cir. 1997).[2] The AEDPA added a limitations period that provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d) (1) and (2).

Thus, the Act imposed "a one-year period of limitation for federal *habeas* proceedings that runs, unless tolled, from the date on which the petitioner's conviction became final at the

---

[1]The AEDPA amended 28 U.S.C. § 2254 to "significantly restrict[] the availability of *habeas* relief to state prisoners," *Williams v. Cain,* 229 F.3d 468. 473 (5th Cir. 2000), by "alter[ing] the legal standard for granting *habeas* relief to state prisoners based upon violations of their federal constitutional rights." *Childress v. Johnson*, 103 F.3d 1221, 1224 (5th Cir. 1997) (citation omitted).

[2]*Cf., Slack v. McDaniel,* 529 U.S. 473, 478, 480-81, 120 S.Ct. 1595, 1600, 1602 (2000) (just as the amended version of § 2254 applies to petitions filed in the district court after the effective date of the AEDPA, § 2253 applies to appeals filed in the courts of appeals after the effective date of the Act).

conclusion of direct review or during the pendency of a 'properly filed application for State post-conviction or other collateral review.'" *Cantu-Tzin v. Johnson*, 162 F.3d 295, 298 (5th Cir. 1998) (quoting 28 U.S.C. § 2244 (d) (1) and (2)), *cert. denied,* 525 U.S. 1091, 119 S.Ct. 847 (1999). *See also Fields v. Johnson*, 159 F.3d 914, 914 (5th Cir. 1998). The one-year limitation is not a jurisdictional bar, however, and in "appropriate circumstances," it can be tolled, *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999), as during the pendency of a properly filed application for post-conviction relief. The burden of proving that the statute of limitations has been tolled is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 509-10 *and* 223 F.3d 797 (5th Cir. 2000) (opinion issued amending language on rehearing).

The petitioner's conviction became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired – fourteen days after his conviction was affirmed on direct appeal. *See* M.R.A.P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed). Thus the petitioner's conviction became final October 15, 2002 (October 1, 2002, plus fourteen days). Thus, without tolling, the petitioner had one year from the date his conviction became final, or until October 15, 2003, to file his *habeas* petition.

On July 23, 2003, the petitioner filed an "Application For Leave To File Motion For Post Conviction Relief" in the Mississippi Supreme Court, which denied the application September 19, 2003. Thus, the limitations period was tolled for a period of 58 days – the number of days that the petitioner's motion for post-conviction relief was pending (July 23, 2003, through September 19, 2003) – thereby moving the deadline for filing the instant *federal* petition to December 12, 2003 (one year from October 15, 2002, plus 58 days).

Under the "mailbox rule," a *pro se* federal *habeas corpus* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the petition was thus filed sometime between the date it was signed on February 19, 2004, and the date it was received and stamped "filed" in the district court on February 23, 2004. Hence, the instant petition was filed some 69 days to 73 days after the December 12, 2003, filing deadline. The petitioner does not set forth any "rare and exceptional" circumstance to warrant equitable tolling, as he was not actively misled nor prevented in some extraordinary way from asserting his rights. *Ott v. Johnson,* 192 F.3d at 513-14. As such, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.


**SO ORDERED,** this the <u>16th</u> day of May, 2005.




<u>/s/ Glen H. Davidson</u>
CHIEF JUDGE